UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AGUSTIN CASTILLO, Individually and on          :
Behalf of all Other Persons Similarly Situated, :
                                               :
                         Plaintiff,            :
                                               :
            -against-                          :          2:12-cv-03786-LDW-GRB
                                               :
TACO BELL OF AMERICA, LLC., and                :
TACO BELL CORP.,                               :
                                               :
                         Defendants.           :
------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY THE ACTION

KLAFTER OLSEN & LESSER LLP
Seth R. Lesser
Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220

KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, PLLC
Silvia Strikis
1615 M Street N.W., Suite 400
Washington, DC 20036-3209
Telephone: (202) 326-7900

FEDER LAW FIRM
Steven M. Feder
Equitable Building
730 17th Street, Suite 550
Denver, CO 80202-3539
Telephone: 303-221-5599

**ATTORNEYS FOR PLAINTIFFS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

  I.   Background & Summary of Argument ....................................................... 2

ARGUMENT ............................................................................................................ 5

  I.   THE FIRST-FILED RULE IS INAPPLICABLE AND HAS NEVER BEEN
APPLIED WHERE NO PARTY IN THE SECOND-FILED CASE COULD BE A
PARTY IN THE FIRST-FILED CASE. ........................................................... 5

    A. The First-Filed Rule Does Not Apply Where the Parties in the Second Case
Are Not, Nor Could Be, in the First Case.................................................... 5

    B. Parity of Claims is Not Sufficient to Apply The First-Filed Rule Because (1)
the New York State Law Subclass' Claims Will Not Be Resolved in
*Whittington*, and (2) the First-Rule Does Not Apply to Cases with Different
Periods of Recovery ................................................................................. 11

    C. Taco Bell's Contentions Regarding Discovery and Confusion Among Class
Members Are Without Merit ..................................................................... 12

    D. Taco Bell's Alternative Request for a Stay Would Unfairly Prejudice the
Named Plaintiff and Opt-ins ..................................................................... 13

CONCLUSION ....................................................................................................... 14

# TABLE OF AUTHORITIES

## <u>CASES</u>

*AP Energy Serv. Gas Holding Co. v. Bank of Am., N.A.,*
    626 F.3d 699 (2d Cir. 2010) ..............................................................................6

*Alden Corp. v. Eazypower Corp.,*
    294 F. Supp. 2d 233 (D. Conn. 2003) ...............................................................5

*Buckalew v. Celanese, Ltd.,*
    No. G-05-315, 2005 WL 2266619 (S.D. Tex. Sept. 16, 2005).....................7, 12

*Bukhari v. Deloitte & Touche LLP,*
    No. 12-cv-4290, 2012 U.S. Dist. LEXIS 167315 (S.D.N.Y. Nov. 26, 2012) ..................6

*Byerson v. Equifax Info. Servs., LLC,*
    467 F. Supp. 2d 627 (E.D. Va. 2006) .................................................................7

*Byron v. Genovese Drug Stores, Inc.,*
    No. 10-cv-03313, 2011 U.S. Dist. LEXIS 120210 (E.D.N.Y. Oct. 12, 2011) .................8

*In re CVS Caremark Corp. Wage & Hour Emp't Practices Litig.,*
    684 F. Supp. 2d 1377 (J.P.M.L. 2010) ............................................................10

*City of N.Y. v. Exxon Corp.,*
    932 F.2d 1020 (2d Cir. 1991) ............................................................................6

*Comedy Partners v. Street Players Holding Corp.,*
    34 F. Supp. 2d 194 (S.D.N.Y. 1999) ..................................................................6

*Constellation Leasing, LLC v. Oxford Aviation, Inc.,*
    No. 08-cv-6558, 2010 U.S. Dist. LEXIS 30212 (W.D.N.Y. Mar. 29, 2010)...................5

*Curtis v. CitiBank, N.A.,*
    226 F.3d 133 (2d Cir. 2000) ..........................................................................5, 6

*In re Cuyahoga Equip. Corp.,*
    980 F.2d 110 (2d Cir.1992) ...............................................................................6

*D.H. Blair & Co. v. Gottdiener,*
    462 F.3d 95 (2d Cir. 2006) ................................................................................5

*Employers Insurance of Wausau v. Fox Entertainment Group., Inc.*,
 522 F.3d 271 (2d Cir. 2008) .......................................................................6

*First City Nat'l Bank & Trust v. Simmons*,
 878 F.2d 76 (2d Cir. 1989) .....................................................................5, 11

*Fisher v. Rite Aid Corp.*,
 No. RDB-09-1909, 2010 U.S. Dist. LEXIS 56383 (D. Md. June 8, 2010)....................12

*Fuller v. Abercrombie & Fitch Stores Inc.*,
 370 F. Supp. 2d 686 (E.D. Tenn. 2005) ...........................................................8

*GT Plus v. Ja-Ru, Inc.*,
 41 F. Supp. 2d 421 (S.D.N.Y. 1998) .............................................................6

*Gardner v. GC Services, LP*,
 No. 10-cv-997, 2010 U.S. Dist. LEXIS 67912 (S.D. Cal. July 6, 2010) ...........................7

*Greene v. H&R Block Eastern Enterprises, Inc.*,
 727 F. Supp. 2d 1363 (S.D. Fla. 2010) ...........................................................8

*Gulluzzo v. Holder*,
 633 F.3d 111 (2d Cir. N.Y. 2011) ................................................................6

*Howard v. Klynveld Peat Marwick Goerdeler*,
 977 F. Supp. 654 (S.D.N.Y. 1997) ...............................................................8

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
 599 F.3d 102 (2d Cir. N.Y. 2010) ..............................................................5, 11

*Onyeneho v. Allstate Ins. Co.*,
 466 F. Supp. 2d 1 (D.D.C. 2006) ................................................................10

*Ortiz v. Panera Bread Co.*,
 No. 1:10-cv-424, 2011 U.S. Dist. LEXIS 85463 (E.D. Va. Aug. 2, 2011) ......................8

*Pollard v. GPM Invs., LLC*,
 No. 3:10-cv-115, 2010 U.S. Dist. LEXIS 110503 (E.D. Va. Oct. 18, 2010)....................9

*Ravenell v. Avis Corp.*,
 No. 08-civ-2113 (E.D.N.Y.) ....................................................................9

*Ruffin v. Avis Budget Car Rental*,
    No. 11-01069, (D.N.J.) ...................................................................................10

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,
    659 F.3d 234 (2d Cir. 2011) ...........................................................................3

*Tate-Small v. Saks Inc.*,
    No. 12-cv-1008, 2012 U.S. Dist. LEXIS 76081 (S.D.N.Y. May 31, 2012) ....................7

*Walker v. Progressive Cas. Ins. Co.*,
    No. C03-656R, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003) ...............8, 12

*Whittington v. Taco Bell*,
    No. 1:10-cv-01884-KMT-MEH (D. Colo.) ........................................... *passim*

*Wilkie v. Gentiva Health Services*,
    No. 10-1451, 2010 U.S. Dist. LEXIS 97212 (E.D. Cal. Sept. 16, 2010) .................11, 12

*Yates v. Wal-Mart Stores, Inc.*,
    58 F. Supp. 2d 1217 (D. Colo. 1999) ........................................................9, 11

## <u>STATUTES</u>

29 U.S.C. §§ 201, *et seq.* (Fair Labor Standards Act) ...................................... *passim*

New York Labor Law §§ 650, *et seq.* (New York Labor Law) ......................................3, 4, 14

Plaintiff Agustin Castillo, together with opt-ins Michael Costa and Robert Ogg (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in opposition to Defendants Taco Bell of America, LLC and Taco Bell Corporation ("Taco Bell" or "Defendants") Motion to Dismiss Without Prejudice to Plaintiff Filing an Individual Action or in the Alternative to Stay the Action ("Def. Mem.") (Dkt. Nos. 12 and 13).

The first-filed doctrine is a rule of judicial practicality and efficiency, designed to avoid having two federal courts address the same case or substantially the same case at the same time.  In deciding a motion to dismiss or stay, the first-filed doctrine has *never* been applied, as best we can tell (nor do Defendants cite any such case), where there is not a single plaintiff in the second case who was also in the first case or could potentially have still joined the first case.  Thus, a ruling in the first case, *Whittington v. Taco Bell,* No. 1:10-cv-01884-KMT-MEH (D. Colo.) ("*Whittington*"), would not adjudicate the claims of a single person who is in, or could join, this lawsuit.  The collective action in *Whittington* is closed and no additional opt-ins can join that case which is now proceeding through second stage, merits and decertification discovery.  Defendants fail mention that this Fair Labor Standards Act ("FLSA") case is one brought on behalf of a different group individuals than is *Whittington*.  Therefore, the instant motion should be denied since FLSA case law is clear that subsequent FLSA collective actions, like this, on behalf of those who may not, for whatever reason, have joined an earlier, conditionally certified case, is legally permissible.

Moreover, as is discussed below, while Taco Bell claims that Plaintiffs' counsel have attempted to misuse the FLSA, the present situation is of Taco Bell's creation:  it

was Taco Bell that refused to accept any more opt-ins into *Whittington* and, accordingly, these late opt-ins, in order to retain their rights, were compelled to bring a new action, a predictable eventuality which Plaintiffs' counsel made clear to Taco Bell's counsel would occur at the time Taco Bell refused to allow late opt-ins join *Whittington*.

In short, Taco Bell's motion is a thinly veiled attempt to circumvent the consequences of its own actions and avoid the issuing of another notice of its wage and hour violations to employees.  This argument should not be countenanced by the Court, and for the reasons discussed below, the instant motion should be denied.

## I.    Background & Summary of Argument

*Whittington,* which was filed on August 6, 2010 (*see Whittington* Docket Sheet, Declaration of Seth Lesser ("Lesser Decl.") Ex. A), asserted claims on behalf of Taco Bell Assistant General Managers ("AGMs") that Taco Bell misclassified them as exempt employees under the FLSA.  Lesser Decl. ¶ 5.  After discovery on certification issues, *Whittington* was conditionally certified on January 10, 2012.  Lesser Decl. ¶ 5.

As is usual, the Court's approved notice to collective action class members included a cut-off date, which was May 21, 2012.  Out of approximately 4,000 consent notices that were sent on February 22, 2012, 488 individuals opted-into the case, representing a standard opt-in rate for this type of case.  Lesser Decl.  ¶ 6.  As is also usual, Plaintiffs' counsel continued to receive opt-in consent forms after the cut-off date. Lesser Decl. ¶ 6. Upon receiving these consents, Plaintiffs' counsel requested that Taco Bell agree to extend the deadline so that late-received forms could be filed, specifically pointing out that, if refused, the late opt-ins would have no choice but to commence a

2

new collective action, as had occurred in other cases.  *See* Lesser Decl. ¶ 6, Ex. B.  After some negotiations, Taco Bell agreed to allow some additional consents to be filed in *Whittington* but only up to June 8, 2012.  Lesser Decl. ¶ 6, Ex. B.

As a consequence, this action was filed on July 30, 2012, and opt-ins Michael Costa and Robert Ogg subsequently joined the case when their consents were received.  Lesser Decl. ¶ 6.  One important distinction between this case and *Whittington* is the assertion of a Rule 23 class claim for overtime claims under the New York Labor Law ("NYLL") and no such claim is (or could now be asserted in) *Whittington*.[1]

Thus, several points – ignored by Taco Bell – are relevant:  (1) Taco Bell could have, but refused to allow Mr. Castillo (and Messrs. Costa and Ogg) to join *Whittington*; (2) the time to join the *Whittington* collective action is now closed – Mr. Castillo and the opt-ins here cannot join that case;[2] and, (3) a collective action here will be comprised of individuals entirely different from *Whittington* and will be comprised of individuals:

> (a) who (for whatever reason) may not have chosen to opt-into *Whittington* but who now wish to pursue their FLSA claims (such as former Taco Bell AGMs who were previously afraid to join that action while employed, *see Shahriar v.*

---

[1] Originally, *Whittington* contained a putative Colorado state law Rule 23 claim but that claim was not pursued (most substantially because the class was too small to warrant its prosecution).

[2] In a footnote (Def. Mem. at 3 n.2), Taco Bell offers to allow Mr. Castillo to join *Whittington*. That, of course, ignores Messrs. Costa and Ogg, and the offer is well too late.  The second-stage discovery in *Whittington* has proceeded exceedingly far along (and is closing on May 21, 2013, *see* Lesser Decl. ¶ 7) and neither Mr. Castillo nor Messrs. Costa or Ogg have been part of it in any manner.  Nor could Mr. Castillo's New York state law claims be added to *Whittington*.

*Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011) (emphasizing the fear of retaliation felt by employees in FLSA actions));

(b) who might have been AGMs for a short time at Taco Bell when they received the *Whittington* notice and thought it not worth their while to join; or

(c) who became Taco Bell AGMs *after* the *Whittington* notice was sent.

In short, the two cases will not have *any* overlapping plaintiffs or opt-ins (because notice would not be sent in this case to anyone who is a member of the opt-in collective in *Whittington, see* Lesser Decl. ¶ 8). These salient points were discussed in Plaintiffs' pre-conference letter to the Court and it is most telling that Taco Bell literally has not responded to any of them. It has not provided authority where a first filed motion has ever been granted where there was no -- nor could be -- any overlap in the plaintiffs in the two cases. It cannot deny that successive FLSA cases are indeed permitted (if not commonplace). And it does not, and cannot, deny that there are individuals who either did not (for whatever reason) or could not have joined *Whittington*, and who, should this case to be dismissed, would have no recourse for their claims. Never has the first-filed doctrine been applied in such a situation on a motion to dismiss or stay and to do so would, Plaintiffs submit, turn the very premise of efficiency that underlies the FLSA's collective action notice provisions into a tool that denies individuals (such as Messrs. Castillo, Cost and Ogg, any subsequent opt-ins, and, in this case, the NYLL Rule 23 class) their day in court.

4

## ARGUMENT

I.  **THE FIRST-FILED RULE IS INAPPLICABLE AND HAS NEVER BEEN APPLIED WHERE NO PARTY IN THE SECOND-FILED CASE COULD BE A PARTY IN THE FIRST-FILED CASE.**

### A.  The First-Filed Rule Does Not Apply Where the Parties in the Second Case Are Not, Nor Could Be, in the First Case

The first-filed rule does not apply here.  This discretionary rule exists to ameliorate the possibility of "identical or substantially similar parties and claims" proceeding in two or more cases.  *Constellation Leasing, LLC v. Oxford Aviation, Inc.*, No. 08-cv-6558, 2010 U.S. Dist. LEXIS 30212, at *7-8 (W.D.N.Y. Mar. 29, 2010) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-17 (2d Cir.1992)); *see also Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 235 (D. Conn. 2003) ("In determining if the first-filed rule applies, the court must carefully consider whether in fact the suits are duplicative.") (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000)).  The Second Circuit has cautioned that  "[a] court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are the same." *Curtis*, 226 F.3d at 136.

In determining whether to apply the first-filed rule, the Second Circuit consistently has held that the first-filed rule only applies "where there are two *competing* lawsuits." *First City Nat'l Bank & Trust v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (emphasis added) (internal quotes omitted); *accord D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 112 (2d Cir. N.Y. 2010) (first-filed rule applies to "competing lawsuits").  In no

manner is this case "competing" with *Whittington* – the Plaintiffs in each of the cases are different, a point which is further underlined by the Second Circuit's recognition that duplicative lawsuits are those involving the *same* parties and issues. *Curtis*, 226 F.3d at 136. Defendants themselves have noted this standard in their brief, defining the first-filed application as when "two district courts concurrently have before them actions involving the *same* parties and issues." (Def. Mem. at 5) (emphasis added; citing *Comedy Partners v. Street Players Holding Corp.*, 34 F. Supp. 2d 194, 196 (S.D.N.Y. 1999)). "The classic context for applying the rule is where mirror-image lawsuits between the same parties are filed in different venues …." *Bukhari v. Deloitte & Touche LLP*, No. 12-cv-4290, 2012 U.S. Dist. LEXIS 167315, at *8 (S.D.N.Y. Nov. 26, 2012). That is not this case.[3]

Even *Employers Insurance of Wausau v. Fox Entertainment Group., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008), cited repeatedly in Taco Bell's brief, involved an insurance dispute in two courts between the same parties. Likewise, *GT Plus v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421 (S.D.N.Y. 1998), also supports Plaintiffs' position because it recognizes that the first-filed doctrine applies to "competing lawsuits" involving the "same parties." *Id.* at 423-4.

Notwithstanding Taco Bell's argument to the contrary, parallel FLSA cases such as the two at issue in this motion, having overlapping factual issues and possibly

---

[3] *See also, e.g., Gulluzzo v. Holder*, 633 F.3d 111 (2d Cir. N.Y. 2011) (applying the first-filed rule when a single plaintiff filed a civil suit and an administrative review in separate tribunals regarding the same order); *AP Energy Serv. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722-25 (2d Cir. 2010) (applying the first-filed rule in a case with identical parties on both sides); *City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) (two cases involving "identical parties"); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-17 (2d Cir.1992) (declining to apply the first-filed rule despite the presence of common issues and parties).

6

involving similar discovery, are not sufficient basis to invoke the first-filed doctrine for a dismissal or stay.  *See, e.g., Tate-Small v. Saks Inc.*, No. 12-cv-1008, 2012 U.S. Dist. LEXIS 76081, at *6 (S.D.N.Y. May 31, 2012).  The requirement that the parties in both actions be essentially the same are simply not met in such similar FLSA collective actions since there cannot be any overlap of plaintiffs in these two actions.  *See Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635-36 (E.D. Va. 2006).  Thus, in *Gardner v. GC Services, LP*, No. 10-cv-997, 2010 U.S. Dist. LEXIS 67912, at *12-14 (S.D. Cal. July 6, 2010), the court denied a first-filed motion in a FLSA wage and hour context because "[i]n the present case, as Plaintiff correctly notes, the *only* identical party between the two actions is Defendant GC Services.  As for the putative classes, there is no overlap at all, much less 'substantial overlap.'"[4]  *See also, e.g., Buckalew v. Celanese, Ltd.*, No. G-05-315, 2005 WL 2266619, at *3-4 (S.D. Tex. Sept. 16, 2005) (declining to apply the first-to-file rule in an FLSA context when none of the plaintiff classes overlapped, even though the defendants were the same, because "the fact that the parties are different cuts against an argument for substantial overlap").  So too, here, far from there being substantial overlap or "competing" litigations, there is no overlap at all as to the Plaintiffs and collection action members.  In no case of which we are aware, has the first-filed rule been applied in a motion to dismiss or stay when *no* member of the second action

---

[4] Taco Bell, half-heartedly, points to an overlap in attorneys between the instant action and *Whittington* but no decisions recognize an overlap of attorneys as pertinent to a first-filed analysis, much less hold that it overrides a situation where there are no plaintiffs in the second-filed case are parties in the first-filed case.

would or could have his or her claims determined in the first action and therefore the Defendants' motion should be denied in its entirety.

The FLSA cases upon which Taco Bell tries to rely, (*see* Def. Mem. at 7-9), are, not surprisingly, inapposite because in each, the named plaintiff in the second collective action *had opted-into* (or could still have opt-into) the earlier case. *See Ortiz v. Panera Bread Co.*, No. 1:10-cv-424, 2011 U.S. Dist. LEXIS 85463, at *5-6 (E.D. Va. Aug. 2, 2011) (finding the first-filed rule applied because the named plaintiff in the second case had opted-into the first case and sought to cover the same period of time); *Byron v. Genovese Drug Stores, Inc.*, No. 10-cv-03313, 2011 U.S. Dist. LEXIS 120210, at *3-4 (E.D.N.Y. Oct. 12, 2011) (named plaintiff in the later-filed case was an opt-in plaintiff in the first); *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 U.S. Dist. LEXIS 7871, at *5 (W.D. Wash. May 9, 2003) (two named plaintiffs in the second-filed suit were parties to the first action); *Fuller v. Abercrombie & Fitch Stores Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005) (plaintiffs in second-filed FLSA case could have still joined first-filed case because collective action motion in first-filed case had not been briefed or decided).[5]

While Taco Bell tries to claim (Def. Mem. at 8-9) that *Greene v. H&R Block Eastern Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1366-67 (S.D. Fla. 2010), is "illustrative," it ignores the operative fact that the named plaintiff in the second-filed case there was a party in the first-filed case and would have her day in court, which trumped her concern about

---

[5]  Despite Defendants' citing it in their FLSA discussion, *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654 (S.D.N.Y. 1997), is not an FLSA case, but rather an employment discrimination case where the second action involved the *same* plaintiff, bringing the same discrimination claims, a classic first-filed situation where a party tries to get a second bite at the apple. Def. Mem. at 7-8.

others who were not part of the first-filed case.  Here, neither the named Plaintiff nor

the opt-in Plaintiffs are in, or can now become part of, *Whittington*.

Further, as to FLSA collective actions, contrary to what Taco Bell implies, even if

notice has issued in a prior FLSA collective action, a second collective action is proper.

Thus, for example, in *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217 (D. Colo. 1999),

the defendant argued, as Taco Bell does here, that multiple, overlapping FLSA cases are

not permissible. The court concluded otherwise and permitted notice to be sent in the

second collective action:

> After examining the [FLSA], there is no indication that a second collective
> action was intended to be barred.  Unlike Rule 23, the opt-in provision of
> section 21[6] provides for no legal effect on those parties who choose not
> to participate.  …"[T]here is nothing in the language of the FLSA which
> would suggest a Congressional intent to absolutely preclude FLSA claims
> by those who receive notice of a collective action, but fail timely to opt in."
> … As each plaintiff could, therefore, file his or her own suit, judicial
> efficiency demands that, if possible, these individual suits be consolidated.

*Id.* at 1218 (references to Magistrate's report omitted; typographical error corrected); *see*

*also Pollard v. GPM Invs., LLC*, No. 3:10-cv-115, 2010 U.S. Dist. LEXIS 110503, at *9-10

(E.D. Va. Oct. 18, 2010) (permitting plaintiffs to send notice to collective action members

in second, almost-identical collective action because "there is no authority that limits

the right of potential plaintiffs to receive notice of § 216(b) lawsuits").  In fact, second

FLSA collective action notices are often allowed.  For instance, and among other

precedent, after Judge Townes certified *Ravenell v. Avis Corp.*, No. 08-civ-2113

(E.D.N.Y.) as a collective action and notice was sent, and the defendant (like Taco Bell

here) refused to permit late opt-ins, a second, follow-on case was filed in a different

court, *Ruffin v. Avis Budget Car Rental*, No. 11-01069 (D.N.J.), and that case is now

proceeding as a, second, conditionally certified collective action where notice has gone

out to both the employees who did not chosen to join the *Ravenell* action or had come to

work in the position at issue since the time the *Ravenell* opt-in period had closed.  In

fact, the Joint Panel on Multidistrict Litigation has declined, on several occasions, to

consolidate FLSA cases and thereby has allowed almost identical cases to proceed

simultaneously in different courts.  *See, e.g., In re CVS Caremark Corp. Wage & Hour Emp't*

*Practices Litig.*, 684 F. Supp. 2d 1377 (J.P.M.L. 2010).  It can fairly be said that, applying

the first-filed rule here would undermine the Congressional intent for FLSA claims:

> Several courts have noted that the 'opt-in' structure of collective
> actions under section 216(b) of the FLSA strongly suggests that
> Congress intended to give plaintiffs considerable control over the
> bringing of a FLSA action.

*Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1 (D.D.C. 2006), (quoting *Johnson v. Big Lots*

*Stores, Inc.*, No. 04-3201, 2005 U.S. Dist. LEXIS 2221, at *10 (E.D. La. Feb. 10, 2005))

(internal citations and quotation marks omitted).

        Here, as discussed above, Mr. Castillo and the two opt-ins cannot join

*Whittington*, and notwithstanding the Defendants' implication (Def. Mem. at 4), in

failing to timely opt-in to *Whittington*, they certainly did not forfeit their claims or right

to a collective action.  Nor do the time periods of the two cases overlap because, should

the Court allow notice in this case, a considerable portion of the collective would be *new*

Taco Bell AGMs.  *See infra* at 11-12.  And it hardly avails Taco Bell to say that individual

actions might suffice (Def. Mem. at 5) because the very bedrock underlying the FLSA's

10

provision for collective actions is to permit the joining of resources to take on defendants with substantial resources, like Taco Bell, and thereby avoid the necessity of individualized claims.  *Yates,* 58 F. Supp. 2d at 1218.

> **B. Parity of Claims is Not Sufficient to Apply The First-Filed Rule Because (1) the New York State Law Subclass' Claims Will Not Be Resolved in *Whittington*, and (2) the First-Rule Does Not Apply to Cases with Different Periods of Recovery**

The foregoing provides sufficient grounds to deny Taco Bell's motion.  But there are additional facts to support the conclusion that *Whittington* and this case are not "competing lawsuits" within the Second Circuit's definition of such parallel cases.

*First*, this action asserts claims under the New York Labor Law that will not be heard in *Whittington* (they are not, nor at this point could be, asserted therein).  Taco Bell here ignores *New York Marine & General Insurance Co.*, 599 F.3d at 113, where the Second Circuit declined to apply the first-filed rule where the resolution of the first case would not resolve all of the claims of the second case.  Also instructive is *Wilkie v. Gentiva Health Services*, No. 10-1451, 2010 U.S. Dist. LEXIS 97212 (E.D. Cal. Sept. 16, 2010).  In *Wilkie*, the first-filed action had been brought in this Court on behalf of a putative nationwide FLSA class, and that also included state claims for North Carolina and New York subclasses.  *Id.* at *1 n. 2.  A second-filed action was filed in the Eastern District of California against the same defendant containing the same FLSA claims and included state law claims in the form of a California subclass.  *Id.*  The court declined to transfer the second-filed action, noting that the California class was "separate and distinct from any and all . . . sub-classes [in the first-filed action]."  *Id.* at *10.  In doing

11

so the court also found that the state claims in the first-filed case did not overlap with the second filed case. *Id.* at *13.[6]

     *Second*, the first-to-file rule does not apply to two cases with different periods of recovery and therefore different claims. *Buckalew*, 2005 WL 2266619, at *3-4 (declining to apply the first-filed rule in an FLSA context where the lawsuits involve "different periods of recovery…"). *Whittington* involves FLSA claimants who joined prior to June 8, 2012, while this case, should it be conditionally certified, would allow those employees who started work for Taco Bell *after* the notice went out in *Whittington,* to adjudicate their claims. This new and distinct period would, more likely than not, be a year or more greater than in *Whittington*.  Moreover, the New York State claim covers Taco Bell AGMs working in New York from July 27, 2006 to the present, a class and time period that is entirely different than that in *Whittington*.  *See* at 10-11, *supra*. The two cases at issue, therefore, could ultimately address different time periods and cannot be deemed to be "competing."

### C.  Taco Bell's Contentions Regarding Discovery and Confusion Among Class Members Are Without Merit

     In a throw-away fashion, Taco Bell asserts various other immaterial contentions. First, it claims that discovery will be wasteful because there has been some discovery completed in *Whittington*.  Def. Mem. at 2-3, 11.  Notwithstanding the fact that this is

---

[6] In discussing the state law class claims present in this lawsuit (and absent from *Whittington*), Taco Bell relies on *Fisher v. Rite Aid Corp.*, No. RDB-09-1909, 2010 U.S. Dist. LEXIS 56383 (D. Md. June 8, 2010), which is inapposite since the plaintiff in *Fisher* was a member of the first-filed earlier case.  Def. Mem. at 9.  The same is true as to *Walker,* 2003 U.S. Dist. LEXIS 7871, upon which Taco Bell also relies.  Def. Mem. at 7-10.

not a determining factor in a first-filed analysis, there are two kinds of discovery in FLSA collective actions:  discovery relating to the opt-ins themselves and discovery relating to corporate decisions.  The first, necessarily, involves the opt-ins who are actually in a particular case and, necessarily, the discovery in *Whittington* does not address this type of discovery in the instant case at all, since the opt-ins here are not a part of that case.  As to the corporate discovery, when Plaintiffs' counsel has had this issue in other, overlapping FLSA misclassification cases in different courts against the same employer defendant, we have always been able to work through coordinated mechanisms to avoid any burden (*e.g.*, to avoid repetitious document productions) and would readily expect to be able to do so here, as well.

Further, while Taco Bell evidences a fox-guarding-the-chicken-coop piety in worrying about the potential confusion of *Whittington* collective action members should this case proceed, it (1) disregards that no *Whittington* collective action member would receive notice in this case should it be conditionally certified; and (2) forgets that *Whittington* collective action members are represented by the undersigned, who could readily explain the situation to any *Whittington* collective action member who was confused.

### D.  Taco Bell's Alternative Request for a Stay Would Unfairly Prejudice the Named Plaintiff and Opt-ins

Finally, Taco Bell's alternative request that this Court stay this action (Def. Mem. at 12-15), would prejudice the Named Plaintiff and opt-ins, by having their cases stalled for an indefinite period of time, as well as the fact that the claims of others, who cannot

13

join *Whittington* (as discussed above), would slip away as the statute of limitations on their claims erodes.  Unlike claims subject to Rule 23, FLSA claims are not stayed by the pendency of a putative collective action.  Collective action members can only toll their claims in FLSA cases by filing written consent to join a collective action.  29 U.S.C. § 256.

## CONCLUSION

For all the foregoing reasons, named Plaintiff Castillo and opt-in Plaintiffs Costa and Ogg respectfully request that that the Court deny Taco Bell's motion to dismiss or stay this action, in its entirety.

/s/ Seth R. Lesser
Seth R. Lesser
Fran L. Rudich
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

Silvia Strikis*
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, PLLC
1615 M Street N.W., Suite 400
Washington, DC 20036-3209
Telephone: (202) 326-7900

Steven M. Feder*
FEDER LAW FIRM
Equitable Building
730 17th Street, Suite 550
Denver, CO 80202-3539
Telephone: 303-221-5599

*Attorneys for Plaintiffs*

*Pro hac motions to be filed.

14