UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGUSTINE CASTILLO, Individually and on Behalf of all Other Persons Similarly Situated., <br><br> Plaintiffs, <br><br> -against- <br><br> TACO BELL OF AMERICA, LLC. and TACO BELL CORP., <br><br> Defendants. | Civil Action No. 12-cv-03786 |

**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE TO PLAINTIFF FILING AN INDIVIDUAL ACTION OR IN THE ALTERNATIVE TO STAY THE ACTION**

GREENBERG TRAURIG, LLP
Wendy Johnson Lario
200 Park Avenue
Florham Park, New Jersey 07932
Tel: 973.360.7900
Fax: 973.301.8410
Email: lariow@gtlaw.com

GREENBERG TRAURIG, LLP
Brian L. Duffy
Naomi G. Beer
Jeannette M. Brook
GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel: 303.572.6500
Fax: 303.572.6540
Email: duffyb@gtlaw.com
        beern@gtlaw.com
        brookj@gtlaw.com

**ATTORNEYS FOR DEFENDANT
TACO BELL OF AMERICA, LLC**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

      A.      The First-Filed Rule Does Apply Where Plaintiff Classes Are Similarly Situated Even if Plaintiffs in the Subsequently Filed Case Are Wholly Distinct From Previously Filed Cases. ................................................................. 2

      B.      Plaintiffs Admit that There Is Substantial Overlap Between The Whittington and Castillo Classes. ........................................................................... 5

      C.      Courts Routinely Apply the First-Filed Rule to Parallel FLSA Actions That Include Ancillary State Law Claims. .............................................................. 7

      D.      Plaintiffs Make No Attempt to Demonstrate that Either of the Exceptions to the First-Filed Rule Apply. ................................................................................. 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Federal Cases**

*Buckalew v. Celanese, Ltd.*,
  No. Civ.A. G-05-315, 2005 WL 2266619 (S.D. Tex. Sept. 16, 2005) ..................................... 8

*Debejian v. Atl. Testing Labs., Ltd.*,
  64 F. Supp. 2d 85 (N.D.N.Y.1999) .......................................................................................... 8

*Fisher v. Rite Aid Corp.*,
  No. RDB-09-1909, 2010 WL 2332101 (D. Md. Jun. 8, 2010) ................................................. 7

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
  370 F. Supp. 2d 686 (E.D. Tenn. 2005) ........................................................................ 2, 4, 6, 7

*Mastercard Int'l Inc. v. Lexcel Solutions, Inc.*,
  No. 03 Civ. 7157, 2004 WL 1368299 (S.D.N.Y Jun. 16, 2004) ............................................... 4

*Ortiz v. Panera Bread Co.*,
  No. 10-cv-424, 2011 WL 3353432 (E.D. Va. Aug. 2, 2011) ................................................... 7

*Santillan v. Henao*,
  822 F. Supp. 2d 284 (E.D.N.Y. 2011) ...................................................................................... 8

*Spotless Enters. Inc. v. The Accessory Corp.*,
  415 F. Supp. 2d 203 (E.D.N.Y. 2006) ...................................................................................... 4

*Tate-Small v. Saks Inc.*,
  No. 12 Civ. 1008(HB), 2012 WL 1957709 (S.D.N.Y. May 31, 2012) ............................ 3, 7, 9

*Troche v. Bimbo Foods Bakeries Distribution, Inc.*,
  11CV234, 2011 WL 3565054 (W.D.N.C. Aug. 12, 2011) ....................................................... 7

*Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, No. 09-CV-4622, 2010 WL
  4968247 (S.D.N.Y. Nov. 24, 2010) .......................................................................................... 6

*White v. Peco Foods, Inc., Inc.*,
  546 F. Supp. 2d 339 (S.D. Miss. 2008) .................................................................................... 3

*Wilkie v. Gentiva Health Servs.*,
  No. 10-1451, 2010 WL 3703060 (E.D. Cal. Sept. 16, 2010) ................................................... 8

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*, --- F. Supp. 2d ---,
  No. 12-CV-00366, 2012 WL 5077482 (E.D.N.Y. Oct. 17, 2012) ................................. 2, 3, 4, 7

**Federal Statutes**

28 U.S.C. § 1404(a) ........................................................................................................................ 9

## PRELIMINARY STATEMENT

As is often the case, it is what Plaintiffs do not – and indeed cannot – say that highlights the flaws in their arguments, flaws which weigh heavily in favor of this Court dismissing or staying this action. Plaintiffs do not deny that the resolution of the first-filed *Whittington* action will substantially impact, if not totally resolve, this action. Nor do Plaintiffs contest the fact that the *Whittington* Action presents another federal court with the same issues, substantially overlapping claims, brought by the same attorneys, against the same defendants, on behalf of a substantially overlapping *class* of plaintiffs. Instead, Plaintiffs now seek to amend their Complaint's class definition through counsel's declaration that he will only send notice to those putative collective action participants who did not opt in to the *Whittington* Class. This proposed eleventh hour fix does nothing to cure the undisputed fact that over 88% of the class that received a nationwide collective action notice less than eight months ago *and elected not to join the lawsuit* will now receive a nearly identical second notice for another nationwide class action from the same legal counsel asserting the same claims. The confusion and wasted judicial resources afforded by such duplicative efforts underscores the Court's inherent power to dismiss this action without prejudice to the individual plaintiffs to pursue their own claims or to stay this action in its entirety.

As anticipated, Plaintiffs seek to avoid the first-filed rule by arguing that none of the three individual Plaintiffs here are parties to, or can now join, the first-field *Whittington* Action. Plaintiffs miss the point. All three individual Plaintiffs received notice of the *Whittington* Action. All three elected not to join that action. All three are now free either to pursue their individual claims or to join the *Whittington* proceeding. Plaintiffs next argue that because they assert a claim under New York law not asserted in *Whittington*, and because they will only send

notice to those members of the nationwide class that elected not to join the *Whittington* Action, the first-filed rule should not apply to them. But Plaintiffs misstate the clear and well-established Second Circuit test stating the circumstances under which the first-filed rule applies. Identical parties and claims are *not* required. It is instead the overlapping nature of the putative *classes* and similarity of claims that is relevant. Indeed, Plaintiffs fail to cite a single case in the class action or FLSA context where a court applies the first-filed rule to *require* that the identities of the individual plaintiffs from each litigation overlap. The law in the Second Circuit is clear. Where, as here, there are two competing lawsuits with substantially overlapping claims and classes, the second filed action is properly dismissed or stayed to avoid incompatible results and to conserve judicial resources. No fact or law cited by Plaintiffs demonstrates otherwise.

## ARGUMENT

### A. The First-Filed Rule Does Apply Where Plaintiff Classes Are Similarly Situated Even if Plaintiffs in the Subsequently Filed Case Are Wholly Distinct From Previously Filed Cases.

Plaintiffs devote over six pages of their Opposition Brief to the argument that the first-filed rule does not apply where a subsequently filed case is brought by a distinct group of plaintiffs. (*See* Op. Br. at 1, 4, 5-11.) Similarly, Plaintiffs repeatedly state that there are no cases to the contrary. *Id.* Plaintiffs are simply wrong. Notably, Plaintiffs ignore *Wyler-Wittenberg v. MetLife Home Loans, Inc.,* a 2012 case from this District that applies the first-filed rule in precisely these circumstances. *See Wyler-Wittenberg v. MetLife Home Loans, Inc.*, --- F. Supp. 2d ---, No. 12-cv-00366, 2012 WL 5077482 (E.D.N.Y. Oct. 17, 2012). Indeed, numerous courts have applied the first-filed rule to parallel class actions filed against the same defendant and involving claims based, at least in substantial part, on the same law. *See, e.g., Fuller v. Abercrombie & Fitch Stores, Inc.,* 370 F. Supp. 2d 686 (E.D. Tenn. 2005) (holding that first-filed rule applied even though the named plaintiffs were "different individuals" because all of the

named plaintiffs and putative collective class members were all former Abercrombie employees who worked as managers-in-training and assistant managers, and their claims were based on that common characteristic); *Tate-Small v. Saks Inc.*, No. 12 Civ. 1008(HB), 2012 WL 1957709, at *4 (S.D.N.Y. May 31, 2012) (applying first-filed rule where two partially overlapping classes alleged claims under the Fair Labor Standards Act (FLSA)); *White v. Peco Foods, Inc., Inc.*, 546 F. Supp. 2d 339 (S.D. Miss. 2008) (applying first-filed rule to subsequently filed FLSA action, brought by plaintiffs that withdrew from participation in previously filed action, who alleged substantially similar claims against the same defendant as in previously filed action, after judge in the first action denied conditional certification).

In *Wyler*, plaintiffs brought a series of putative collective and class actions on behalf of a class of current and former MetLife loan officers, alleging that MetLife violated the FLSA for its failure to pay minimum wages and overtime compensation to a nationwide class of similarly situated people. *Wyler*, 2012 WL 5077482, at *4. The *Wyler* court specifically recognized that while "MetLife is the same defendant-employer in each of the actions . . . the seventy-five plaintiffs who opted-in as parties to the [Wyler] action are not the same as those in [the previously filed actions]." *Id.*, at *6. Additionally, the plaintiffs in *Wyler* sought to avoid the application of the first-filed rule by amending their complaint to limit their class to only those seventy-five plaintiffs who opted in, arguing that amendment would eliminate any overlap among unnamed members of the classes.

Even though there was *no* overlap among the plaintiffs who opted into the subsequently filed *Wyler* action and the plaintiff classes in the previously filed actions, the *Wyler* court nevertheless held that the parties were substantially similar and thus, the first-filed rule applied. Judge Spatt explained that "application of the [first-filed] rule does not require *identical* parties

3

in the cases, but merely requires substantial overlap." *Id.* (emphasis in original); *see also Spotless Enters. Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203 (E.D.N.Y. 2006); *Mastercard Int'l Inc. v. Lexcel Solutions, Inc.*, No. 03 Civ. 7157, 2004 WL 1368299, at *7-8 (S.D.N.Y Jun. 16, 2004) (observing the presumption in favor of the forum in which the first action is filed where the record presents "sufficient overlapping factual and legal issues" between two cases). The requirement of substantial overlap was satisfied in *Wyler* because each of the plaintiffs in *Wyler* and each of the plaintiffs in the previously filed actions were similarly situated in that each was "either a loan officer or employee with similar job titles who worked at MetLife during the relevant time period." *Id.* Indeed, Judge Spatt held that amending the complaint to limit the *Wyler* action to the seventy five distinct individuals would not change the outcome, "as the first-filed rule remains applicable regardless of" whether the classes consisted of different people, because all of the class members in all of the actions were similarly situated. *Id.*, at *13.

*Wyler* stands in direct contrast to Plaintiffs' assertion that the first-filed rule *only* applies where there is some overlap in the identities between the plaintiff groups. Instead, as *Wyler* makes clear, for the first-filed rule to apply, it is sufficient that putative class members are similarly situated. *See also Fuller*, 370 F. Supp. 2d at 690 (holding that different groups of named plaintiffs were substantially similar for purposes of the first-filed rule because they and the collective classes they sought to represent consisted of former Abercrombie employees who worked as assistant managers).

That the *Wyler* Court elected to transfer the action in light of the procedural posture of the earlier filed case, rather than dismiss or stay, is of no moment. The application of the first-filed rule, and the inherent discretion of the court to fashion the appropriate remedy under the circumstances, is well settled. In both *Castillo* and *Whittington*, each potential plaintiff is a

current or former Assistant General Manager at a Taco Bell restaurant. As the court held in *Wyler*, "considering the similar positions held by the plaintiffs in each of these matters and the opt-in nature of a collective class, the Court concludes that plaintiffs in this action are similar enough to those in [the previously filed actions] to warrant the application of the 'first-filed' rule." *Id.* Moreover, as the relief sought by this motion is a dismissal without prejudice to Plaintiffs bringing individual actions, or a stay, their rights are fully preserved. These three individuals also have the option of joining the *Whittington* proceeding. All the three individual Plaintiffs lose is the potential opportunity to represent a second hypothetical class of unnamed individuals, most of whom already received notice of a similar class an elected not to join. No other Assistant General Manager has come forward or expressed an interest in joining a second class. Plaintiffs' stated interest in pursuing a second class of unnamed individuals who have expressed no interest in joining such a proceeding is insufficient to justify the parallel proceeding Plaintiffs seek.

### B. Plaintiffs Admit that There Is Substantial Overlap Between The Whittington and Castillo Classes.

Plaintiffs' counsel's declaration that he will not send notice to those plaintiffs who have opted in to the *Whittington* class is effectively an admission that the putative *Castillo* class substantially overlaps with the conditionally certified *Whittington* class. Moreover, the class definitions contained in the respective complaints themselves demonstrate the substantial overlap. In *Whittington*, the class includes:

> all persons who are or were formerly employed by Defendants in the United States (except California) at any time since August 4, 2007 to the entry of judgment in this case . . . as assistant general managers and other comparable positions with different titles, who were classified as exempt by Defendants, who did not receive compensation for all hours worked by them and who were not paid the legally required overtime wages . . .

(Whittington Compl. ¶ 18, Ex. A to Plaintiff's Op. Br.) In comparison, the Castillo class

5

includes "all persons who are or were formerly employed by Defendants as an assistant general manager at any time from July 27, 2009, to the entry of judgment in this case." (Castillo Compl. ¶ 18, ECF. No. 1.) Based on the definitions contained in the *Whittington* and *Castillo* complaints, every person who was employed as an Assistant General Manager from July 27, 2009 forward anywhere but California is potentially included in both the *Whittington* and *Castillo* classes.

Plaintiffs seek to avoid the obviously substantial overlap between the classes through their lawyer's declaration in opposition to Plaintiff's Motion. Mr. Lesser promises that "[w]ere this case to proceed to a first stage conditional certification motion . . . the conditional certification motion sought by Plaintiffs would expressly exclude [plaintiffs who opted into the Whittington Action]." (Decl. of Seth R. Lesser, filed in opposition to this motion, dated January 22, 2013 at ¶ 8.) Again, Mr. Lesser's promise confirms the overlap that currently exists in the class definitions. It also improper, because it violates the Second Circuit's well established prohibition on allowing a plaintiff to amend his complaint in a declaration in support of a brief in opposition to a motion to dismiss. *See, e.g., Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, No. 09-CV-4622, 2010 WL 4968247, at *5 (S.D.N.Y. Nov. 24, 2010) ("It is well-settled, however, that "[a] complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers . . .").

Moreover, Mr. Lesser's declaration misses the point. He ignores the fact that sending notice to the class as defined in the *Castillo* action would mean resending notice to over 88% of putative class members who already received notice in the *Whittington* Action and decided not to opt-in. *See Fuller*, 370 F. Supp. 2d at 690 (applying the first-filed rule to subsequently filed FLSA action, in part, to avoid a situation where the same individuals could receive two opt in

notices for the same claim but in different courts.) Numerous courts have noted similar concerns:

> [t]he first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations. It is not surprising that federal courts consistently apply the first-to-file rule to overlapping wage and hour collective actions.

*Ortiz v. Panera Bread Co.*, No. 10-cv-424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011); *Troche v. Bimbo Foods Bakeries Distribution, Inc.*, 11CV234, 2011 WL 3565054 (W.D.N.C. Aug. 12, 2011) (same)..

### C. Courts Routinely Apply the First-Filed Rule to Parallel FLSA Actions That Include Ancillary State Law Claims.

Plaintiffs' erroneous argument that the addition of a state Rule 23 class necessarily defeats the propriety of a dismissal or stay ignores established law. In reality, federal courts routinely apply the first-filed rule where, as here, parallel FLSA actions include additional or ancillary state labor law claims. *See, e.g.*, *Fisher v. Rite Aid Corp.*, No. RDB-09-1909, 2010 WL 2332101 (D. Md. Jun. 8, 2010) (dismissing subsequently filed action pursuant to the first-filed rule even though subsequently filed action included state labor law claims that were entirely distinct from FLSA claims asserted in previously filed lawsuit); *Wyler*, 2012 WL 5077482, at *7-8 (applying first-filed rule even though subsequently filed action contained a New York State Labor law claim not asserted in previously filed actions); *Fuller*, 370 F. Supp. 2d at 690 (applying first-filed rule even though subsequently filed action contained a claim not asserted in previously filed action); *Tate-Small v. Saks Inc.*, No. 12 Civ. 1008(HB), 2012 WL 1957709, at *4 (S.D.N.Y. May 31, 2012) (same).

Yet Plaintiffs argue that it would be improper to dismiss or stay this action because

7

Plaintiffs' New York State labor law claim will not be adjudicated in any forum.[1] This makes no sense with respect to a stay. As a preliminary matter, it is important to note that Plaintiffs' New York State labor law claim tracks the FLSA claim asserted in Whittington. *See Santillan v. Henao*, 822 F. Supp. 2d 284 (E.D.N.Y. 2011) ("New York's Labor Law is the state analogue to the federal FLSA [and] it . . . mirrors the FLSA in compensation provisions regarding minimum hourly wages and overtime . . ."); *see also Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp. 2d 85, 87 n. 1 (N.D.N.Y.1999) (holding that New York Labor Law provisions are "substantially similar to the federal scheme" such that the court's analysis of federal law would apply equally to claims brought under the FLSA and New York law). Thus, a resolution in *Whittington* will be relevant to, if not dispositive of, Plaintiffs' New York State labor law claim. Therefore, staying this action would both preserve Plaintiffs' claim and save judicial resources. Moreover, Defendants alternatively seek a dismissal without prejudice to Plaintiffs bringing individual actions. Thus, granting either form of relief Defendants seek will not deprive any plaintiff of their day in court or their right to adjudicate their purported claim under New York State labor law.

Finally, Plaintiffs argue that the first-filed rule does not apply to two cases with different recovery periods, relying entirely on one unpublished district court case from a foreign circuit that listed different periods of recovery as one factor in a litany of reasons why the first-filed rule would not be applied in that case. *See Buckalew v. Celanese, Ltd.*, No. Civ.A. G-05-315, 2005 WL 2266619 (S.D. Tex. Sept. 16, 2005). But Plaintiffs fail to cite a single case that stands for

---

[1] The principal case Plaintiffs cite in support of their argument is inapposite. *See Wilkie v. Gentiva Health Servs.*, No. 10-1451, 2010 WL 3703060 (E.D. Cal. Sept. 16, 2010). *Wilkie* does not apply here for two reasons. First, the court in Wilkie held the first-filed rule did not apply because it could not determine whether there was substantial overlap between the classes at that stage of the litigation due to some ambiguity in the varying class definitions at issue in those actions. Second, one of the actions at issue in *Wilkie* involved a California state labor law claim, which the *Wilkie* court noted, were significantly different from FLSA claims. Unlike *Wilkie*, this action asserts a New York State Labor Law claim, which mirrors the FLSA. *See Santillan v. Henao*, 822 F. Supp. 2d 284 (E.D.N.Y. 2011); *see also Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp. 2d 85, 87 n.1 (N.D.N.Y.1999).

8

the proposition that different but overlapping periods of recovery, in and of itself, is sufficient to bar the application of the first-filed rule. And even if differing periods of recovery were to be considered as a factor, it would be far outweighed by the fact that the first-filed *Whittington* Action presents another federal court with the same issues, substantially overlapping claims, brought by the same attorneys, against the same defendants, on behalf of a substantially similar class of plaintiffs.

### D. Plaintiffs Make No Attempt to Demonstrate that Either of the Exceptions to the First-Filed Rule Apply.

"The Second Circuit recognizes two circumstances that warrant departure from the first-filed rule: (1) where there are 'special circumstances," and; (2) where the 'balance of convenience' tilt in favor of the second forum." *Tate-Small*, 2012 WL 1957709, at *2 (citations omitted). "'Special circumstances' include 'manipulative or deceptive behavior' (such as where the first lawsuit is improper anticipatory declaratory judgment action) or where forum shopping alone motivated the choice of the situs for the first suit." *Id.* (citations omitted). "The 'balance of convenience' factors are 'essentially the same as those considered in connection with motions for transfer of venue pursuant to 28 U.S.C. § 1404(a). *Id.* (citation omitted). Plaintiffs make no attempt to argue the existence of an exception, and neither applies. A balance of all relevant factors demonstrates that a dismissal without prejudice or a stay of this proceeding is consistent with well established Second Circuit precedent and serves the essential purpose for which the first-filed rule was enacted.

# **CONCLUSION**

For the reasons stated herein, and in Defendants' Motion to Dismiss Without Prejudice to Plaintiff Filing an Individual Action or in the Alternative to Stay the Action, Defendants respectfully request this Court issue an order dismissing this action without prejudice or ordering a stay pending resolution of the *Whittington* action.

Respectfully submitted this 29th day of January 2013.

        GREENBERG TRAURIG, LLP

        By: /s/ *Wendy Johnson Lario*
            Wendy Johnson Lario
            GREENBERG TRAURIG, LLP
            200 Park Avenue
            Florham Park, New Jersey 07932
            Tel: 973.360.7900
            Fax: 973.301.8410
            Email: lariow@gtlaw.com

            Brian L. Duffy
            Naomi G. Beer
            Jeannette M. Brook
            GREENBERG TRAURIG, LLP
            1200 Seventeenth Street, Suite 2400
            Denver, Colorado 80202
            Tel: 303.572.6500
            Fax: 303.572.6540
            Email: duffyb@gtlaw.com
                    beern@gtlaw.com
                    brookj@gtlaw.com

            **ATTORNEYS FOR DEFENDANT TACO BELL OF AMERICA, LLC**