UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AGUSTIN CASTILLO,

                            Plaintiff,

              -against-

TACO BELL OF AMERICA, LLC, and
TACO BELL CORP.,

                           Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 12-3786

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 18 2013 ★
LONG ISLAND OFFICE

APPEARANCES:

    KLAFTER OLSEN &LESSER LLP
    BY: SETH R. LESSER, ESQ.
        FRAN L. RUDICH, ESQ.
        JEFFREY A. KLAFTER, ESQ.
    Attorneys for Plaintiff
    2 International Drive, Suite 350
    Rye Brook, New York 10573

    KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL
    BY: SILVIA STRIKIS, ESQ.
    Attorneys for Plaintiff
    1615 M Street, N.W., Suite 400
    Washington, DC 20036-3209

    FEDER LAW FIRM
    BY: STEVEN M. FEDER, ESQ.
    Attorneys for Plaintiff
    Equitable Building
    730 17th Street, Suite 550
    Denver, Colorado 80202-3539
    Attorneys for Plaintiff

    GREENBERG TRAURIG, LLP
    BY: WENDY JOHNSON LARIO, ESQ.

Attorneys for Defendant
200 Park Avenue
Florham Park, New Jersey 07932

GREENBERG TRAURIG, LLP
BY: BRIAN L. DUFFY, ESQ.
    NAOMI G. BEER, ESQ.
    JEANETTE M. BROOK, ESQ.
Attorneys for Defendant
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202

WEXLER, District Judge

Plaintiff Agustine Castillo ("Plaintiff" or "Castillo") commenced this case individually, and on behalf of a similarly situated class of individuals. The complaint seeks overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and a parallel provision of New York State law. Defendants are Taco Bell of America, LLC and Taco Bell Corp. (collectively "Defendants" or "Taco Bell"). Presently before the court is Defendants' motion, pursuant to Rule 12(b)(6), to dismiss the class/collective claims without prejudice to Plaintiff pursuing an individual action or, in the alternative to stay the putative class claims pending the final outcome of a collective action being pursued in the United States District Court for the District of Colorado.

## BACKGROUND

### I.  The Parties and the Allegations of the Complaint

Plaintiff is a citizen of the State of New York. Defendant Taco Bell of America, LLC is a limited liability corporation existing under the laws of the State of Delaware with its principle place of business in the state of Kentucky. Defendant Taco Bell Corp. is a California corporation with its principle place of business in that state. Defendants are alleged to operate a chain of

approximately 1,240 restaurants throughout the United States.

Plaintiff was employed as an assistant general manger at a company-owned Taco Bell restaurant located in Bay Shore, New York. The complaint defines a "company-owned" restaurant as a restaurant that is owned and operated by Defendants, as opposed to Taco Bell restaurants that are operated by independent franchisees. Plaintiff was employed by Taco Bell from September 9, 2009 through March 23, 2011. His claim in this matter is for the period of time from approximately May 4, 2010 until approximately March 23, 2011.

Plaintiff describes the duties of an assistant general manager ("AGM") as including bussing tables, cooking, checking inventory, cleaning, cashiering and helping customers. He states specifically that his AGM duties did not include hiring, firing, scheduling and/or disciplining of other employees. Plaintiff alleges that his AGM duties were substantially similar to those of Taco Bell employees who are not exempt from the overtime provisions of law. Accordingly, Plaintiff alleges that he and similarly situated AGM's were wrongfully denied payment of overtime compensation when they worked in excess of forty hours per week. The failure to pay such compensation is alleged to violate both the FLSA and a parallel provisions of the New York State Labor Law.

II. The Colorado Action

In 2010, prior to commencement of this 2011 action, the same attorney representing Plaintiff Castillo commenced a collective/class action in the United States District Court for the District of Colorado. That action was commenced individually, and on behalf of a all Taco Bell AGM's seeking the payment of overtime compensation pursuant to the FLSA and Colorado state law. See Whittington v. YUM! Brands, Inc., Taco Bell of America, Inc. And Taco Bell Corp.,

No. 10-1884 (REB-MEH) ("Whittington" or the "Whittington Action"). Like this action, the Whittington Action seeks the payment of overtime compensation for AGM's employed at Taco Bell restaurants. The class period in Whittington is defined to include AGM's employed from August 4, 2007, through entry of judgment in that case. Plaintiff in Whittington describes her AGM duties to include and exclude the same duties set forth by Plaintiff, as described above, in this matter. Thus, the duties of an AGM are defined in Whittington to include bussing tables, cooking, checking inventory, cleaning, cashiering and helping customers, and to exclude hiring and firing of other employees.

On January 10, 2012, Whittington was conditionally certified as an FLSA collective action by the Colorado court. Shortly thereafter, on February 22, 2012, notice of the action was sent to 4,000 potential class members. The Whittington court set May 12, 2012, as the date by which potential plaintiffs could opt-in to that action. As of that date, there were approximately 400 individuals who opted to be a part of the Whittington plaintiff class. Pursuant to discussions and an agreement among counsel, Taco Bell agreed to accept additional opt-in plaintiffs in the Whittington Action after the May 21, 2012 cut-off date, until June 8, 2012. The parties in the Whittington Action are engaged in discovery, which is set to be concluded by May 21, 2013.

III.   Plaintiff's Attempt to Opt-in to Whittington and This Action

Plaintiff states that Taco Bell refused to allow him to opt-in to the Whittington Action after the extended agreed upon cut-off date of June 8, 2012. Taco Bell characterizes Plaintiff as "electing" not to opt-in to Whittington. The court accepts Plaintiff's version of the facts for the purpose of this motion, but notes that Taco Bell has now made clear that Plaintiff, and the two individuals who have opted into this lawsuit may join as a part of the plaintiff class in

4

Whittington. In any event, on July 30, 2012, after Plaintiff either elected, or was refused entry into the Plaintiff class in Whittington, he commenced this action.

IV. The Motion

Taco Bell moves to dismiss Plaintiff's collective /class action complaint without prejudice to pursuing an individual action, or in the alternative to stay the putative class claims pending the outcome of Whittington. In support of the motion, Taco Bell argues that because this matter is substantially duplicative of the Whittington Action, dismissal is appropriate pursuant to the first-filed action rule. Plaintiff opposes the motion on the ground that the first filed rule has no application because the plaintiffs in this action differ from those in Whittington. After outlining applicable law, and upon consideration of the facts set forth above in light of that law, the court will decide the merits of the motion.

## DISCUSSION

I. General Principles: First Filed Rule

The "first-filed" rule stands for the general proposition "where there are two competing lawsuits, the first suit should have priority . . . ." Wyler-Wittenberg v. MetLife Home Loans, Inc., 2012 WL 5077482 *5 (E.D.N.Y. 2012), quoting, First City Nat. Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir.1989) (citations omitted). Pursuant to this rule, a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action. Byron v. Genovese Drug Stores, Inc., 2011 WL 4962499 * 2 (E.D.N.Y. 2011). This discretion arises from the court's power to administer its docket to conserve judicial resources, and to promote the efficient and comprehensive disposition of cases. Id., see Curtis v. DiMaio, 46 F. Supp.2d 206, 214 (E.D.N.Y.1999), aff'd., 205 F.3d 1322 (2d Cir. 2000); Wyler-Wittenberg, 2012 WL 5077482 *5.

5

When considering whether to dismiss the second action, the court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts. The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially. Wyler-Wittenberg, 2012 WL 5077482 *6; Byron, 2011 WL 4962499 *3; Oleg Cassini, Inc. v. Serta, Inc., 2012 WL 844284 *3 (S.D.N.Y. 2012) (for first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests"). Dismissal is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits. See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).

II. Disposition of the Motion

Comparison of this action to the Whittington Action reveals that the class/collective claims raised are so substantially similar as to require dismissal of this matter. First, the classes sought to be represented in the two cases, i.e. Taco Bell AGM's, are identical. Plaintiff's assertion that this case will accept as plaintiffs only those who have not opted in to Whittington makes this litigation no less piecemeal. The class description is the same, as are the potential plaintiffs – whether or not they have decided to opt-in to Whittington. Also identical is the relief sought – the payment of overtime compensation.

The progress of the Whittington Action also militates in favor of dismissal. While this case was only recently filed, Whittington has made significant progress. Thus, in Whittington, a collective action has been conditionally certified, class notice has been sent, the opt-in period is over, and the end of discovery is near. Here, the action has made little progress. In light of these factors, there is no doubt that interests of comity require dismissal of this action in favor of the

previously filed Whittington Action.

Dismissal is also appropriate because it would be patently unfair to require Defendants to litigate the class issues here at the same time as those matters are being litigated in the first-filed action. Additionally, Defendants should not be required to send a second class notice to individuals who have already received such notice but have elected not to participate in Whittington. Indeed, it is precisely such concerns that have led courts here and in other jurisdictions to dismiss or transfer second filed FLSA actions in favor of an earlier filed similar action. See, e.g., Wyler-Wittenberg, 2012 WL 5077482 *7-9 (applying first-filed rule to FLSA action found to be duplicative of earlier FLSA actions filed in different district); Ortiz v. Panera Bread Co., 2011 WL 3353432 *2 (E.D.Va. 2011) (noting that dismissing second matter is "particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations"); Greene v. H & R Block Eastern Enterprises, Inc., 727 F. Supp.2d 1363, 1368 (S.D. Fl. 2010); Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp.2d 686, 689-90 (E.D. Tenn. 2005).

For the foregoing reasons, the court dismisses the class/collective claims raised in this matter. Plaintiff is free to pursue his individual claim in the context of this lawsuit, or opt-in to become a member of the plaintiff class in Whittington. Defendants have made clear that they have no opposition to this course of action.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the class/collective action claims is granted. Plaintiff is directed to advise this court, within three weeks of the date of this

order, as to whether he will be pursuing his individual claims here, or will opt-in as a member of the Whittington class. Discovery in this matter shall be suspended pending receipt of Plaintiff's decision as to how he wishes to pursue his individual claim.

SO ORDERED

                                                LEONARD D. WEXLER
                                                UNITED STATES DISTRICT JUDGE

Central Islip, New York
March 18, 2013